IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LARRY TYRONE SHELLINGTON, Plaintiff, | : : : : | CIVIL ACTION |
| v. | : : : | No. 23-cv-658 |
| COMMISSIONER OF SOCIAL SECURITY, Defendant. | : : : : | |

**MEMORANDUM OPINION**

**CRAIG M. STRAW, U.S.M.J.**                               December 28, 2023

Plaintiff Larry Tyrone Shellington ("Plaintiff" or "Shellington") seeks review of the Commissioner's decision denying his application for supplemental security income ("SSI"). The matter was referred to me on consent of the parties.[1] Doc. 15. For the following reasons, I grant Shellington's request for review, vacate the Commissioner's decision, and remand the case for further proceedings consistent with this opinion.

I.   **PROCEDURAL BACKGROUND**

Shellington applied for SSI on June 25, 2020, alleging disability since January 1, 2007. R. 20; 195. His application was denied on October 2, 2020, and upon reconsideration on January 22, 2021. R. 20; 87; 90. On February 19, 2021, Shellington filed a request for a hearing. R. 109. The ALJ held a telephonic hearing on October 15, 2021, due to COVID-19 pandemic restrictions. R. 20; 44. Shellington was represented by counsel. R. 46-47.

---

[1] See Doc. 8; 8 U.S.C. § 636(c); Fed. R. Civ. P. 73.

On January 20, 2022, the ALJ issued a written decision finding Shellington was not disabled. R. 22-34. On March 8, 2022, Shellington requested review of the ALJ's decision. R. 12-14. The Appeals Council denied Shellington's request on January 11, 2023, and the ALJ's decision became the final decision of the Commissioner of Social Security. R. 1-3; 20 C.F.R. § 416.1481. Shellington then filed this action in federal court. Doc. 1. The parties submitted briefs addressing the issues. See Docs. 14-16.

## II.   LEGAL STANDARDS

To prove disability, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 20 C.F.R. § 416.905(a). The Commissioner engages in a "five-step sequential evaluation process" to evaluate whether a claimant is disabled. 20 C.F.R. § 416.920(a)(4). This process considers:

1. Whether the claimant is currently engaged in substantial gainful activity;
2. If not, whether the claimant has a "severe impairment" that significantly limits their physical or mental ability to perform basic work activities;
3. If so, whether based on the medical evidence, the impairment meets or equals the criteria of an impairment listed in the listing of impairments ("Listings," see 20 C.F.R. pt. 404, subpt. P, app. 1), which results in a presumption of disability;
4. If the impairment does not meet or equal the criteria for a listed impairment, whether, despite the severe impairment, the claimant has the residual functional capacity ("RFC") to perform their past work; and
5. If the claimant cannot perform their past work, whether there is other work in the national economy that the claimant can perform based on the claimant's age, education, and work experience.

See Zirnsak v. Colvin, 777 F.3d 607, 611 (3d Cir. 2014); 20 C.F.R. § 416.920(a)(4). The claimant bears the burden of proof at steps one through four, while the burden shifts to the

Commissioner at the fifth step to establish that the claimant can perform other jobs in the local and national economies, in light of his or her age, education, work experience, and RFC. See Poulos v. Comm'r of Soc. Sec., 474 F.3d 88, 92 (3d Cir. 2007) (citation omitted).

The court's role on judicial review is to determine whether the Commissioner's decision is supported by substantial evidence. See 42 U.S.C. § 405(g); Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d Cir. 1999). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,'" and must be "'more than a mere scintilla but may be somewhat less than a preponderance of the evidence.'" Zirnsak, 777 F.3d at 610 (quoting Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005)); see also Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019) (explaining substantial evidence "means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion'") (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938) (additional citations omitted)). It is a deferential standard of review. Jones v. Barnhart, 364 F.3d 501, 503 (3d Cir. 2004) (citing Schaudeck, 181 F.3d at 431).

### III.   ALJ'S DECISION AND PLAINTIFF'S REQUEST FOR REVIEW

The ALJ determined Shellington had not engaged in substantial gainful employment since the date of his SSI application, June 25, 2020. R. 22. The ALJ found that Shellington suffered from several severe impairments, specifically chronic pancreatitis, deep vein thrombosis of his lower extremities ("DVT"), and diabetes. Id.; see also 20 C.F.R. § 416.920(c). The ALJ also found non-severe impairments of degenerative disc disease and anxiety disorder. R. 23-24. He determined the impairments or combination of impairments considered did not meet or medically equal the severity of one of the listed impairments. R. 25; 20 C.F.R. pt. 404, subpt. P, app. 1; see also 20 C.F.R. §§ 416.920(d), 416.925, 416.926. When making his determination, the

ALJ noted Shellington's treatment for substance abuse, but did not address Shellington's alleged substance abuse/alcohol abuse impairment. R. 23; 50; 59.

The ALJ found that Shellington had no past relevant work and the RFC to perform a full range of sedentary work as defined in 20 C.F.R. § 416.967(a). R. 25. Considering Shellington's age, education, work experience, and RFC, there were a significant number of jobs in the national economy that Shellington could perform. R. 33. Therefore, the ALJ determined Shellington was not disabled. Id.

In his request for review, Shellington raises three issues. The focus of this opinion is on Shellington's first issue.[2] In the first issue, Shellington argues that the ALJ improperly rejected the severity of Plaintiff's mental impairments (anxiety disorder) and substance use (alcohol, opioids, and cocaine). Doc. 14, at 1. The Commissioner argues substantial evidence supports the ALJ's determination that Plaintiff's mental impairments and substance use were non-severe. Doc. 15, at 5.

## IV.   FACTUAL BACKGROUND

Before addressing Shellington's claim, I discuss the medical opinions, evidence in the record, as well as additional information pertinent to his claims.[3]

### A. Medical Evidence

Shellington was twenty-nine years old on his alleged onset disability date of January 1, 2007, making him a younger person under the regulations. R. 45; 20 C.F.R. § 416.963(c). At the time of his SSI application, Shellington had a twenty-five-year history of alcohol abuse. R. 2763. On July 1, 2019, Shellington was admitted to Sinai Hospital of Baltimore complaining of

---

[2] The Court will not address the remaining issues because the ALJ's decision following remand may subsequently affect the remaining issues raised.
[3] The medical record subject to this opinion contains duplicate documents. For the sake of efficiency, the Court cites to one set of records only.

bilateral leg and abdominal pain and was clearly intoxicated. R. 671. During Shellington's July 1, 2019 hospitalization, he was diagnosed with a moderate alcohol abuse disorder. R. 673. From July 1, 2019 through November 13, 2019, Shellington was hospitalized approximately thirteen times due to intoxication. R. 38; 100; 159-60; 245; 388; 443-84; 517-75; 646-73; 713-45; 806-65; 951; 1038-1125. Many of Shellington's hospitalizations resulted from him failing to follow medical advice and aggravated underlying health conditions due to his alcohol use. Id. Shortly after his hospitalizations, Shellington sought alcohol abuse treatment and entered a recovery house. R. 3886. Shellington remained in the recovery house from November 2019 through the date of his hearing. R. 2763; 3886.

Beginning in November 2019, Shellington started treatment for anxiety, alcohol use disorder, and moderate psychological stressors (mental illness and addiction) at Men & Women for Human Excellence, Inc. ("MWHE"). R. 2764. Dr. Michael Su was Shellington's treating psychiatrist at MWHE. R. 2763. Dr. Su completed a Treating Source Statement in the form of a psychiatric evaluation dated November 18, 2019. Id. Shellington reported that he was six days sober from alcohol at the time of the evaluation. Id. He was last treated for his alcohol abuse in March 2019, and he relapsed two months after treatment. Id. Dr. Su noted that Shellington was more anxious than depressed, had no previous psychiatric inpatient treatment, participated in outpatient treatment, had no paranoid thoughts or hallucinations, was given Remeron and Chantix, and had PTSD symptoms, but had no manic or OCD symptoms. Id. Dr. Su also noted Shellington's past history of leg blood clots, diabetes, cigarette use, and twenty-five-year alcohol addiction. Id.

During the examination, Shellington presented on time, with fair eye contact, was well groomed, cooperative, able to sit still, calm, oriented to person, place, and time, and spoke

clearly.  R. 2764.  Shellington was re-started on Remeron for sleep, Motrin for pain, Vistaril for anxiety, and Baclofen for pain and alcohol addiction.  Id.  Shellington reported a previous two-year period of sobriety which ended when he relapsed in 2018.  Id.

Dr. Su submitted additional documentation indicating that Shellington was diagnosed with alcohol induced mood disorder and cocaine use.  R. 2765.  The documentation indicates that Shellington was depressed during treatment, but he was attending all treatment sessions and was attempting to improve his mental health and remained sober.  Id.  Shellington's medical records from MWHE in November 2021 included action steps such as having Shellington refrain from all alcohol use, attend weekly Alcoholics Anonymous ("AA") meetings, and obtain an AA sponsor.  R. 3888.  Shellington was still in treatment with MWHE for anxiety and alcohol abuse at the time of his hearing.  R. 59; 3884.

## B. Nonmedical Evidence
### a. Shellington's Testimony

Shellington testified on October 15, 2021 via telephone.  R. 46.  Shellington is high school educated, completing eleventh grade and later earning his General Education Diploma.  R. 49.  Shellington was unemployed from 2002 through 2016, and again starting in 2020.  R. 22; 52.  During his periods of unemployment, Shellington reported that he experienced physical pain in both of his legs which prevented him from working.  R. 52-57.  Shellington described his physical disabilities as issues with blood circulation, leg pain, leg burning, blood clots in his legs, pancreatic issues, and lower back pain.  R. 52-57.

Shellington also described his mental health impairments.  R. 59-60.  Although Shellington did not provide a specific mental health diagnosis, he described his condition as "spaz[ing]" out when he is around a lot of people and talking to himself.  Id.  Shellington is currently receiving mental health treatment for anxiety and alcohol abuse from a counselor at

MWHE three times a week, in-person, for two-hour sessions. R. 63. He currently takes several medications to treat his mental health condition, which he believes are not effective. R. 60. As a result of his mental health condition and leg pain, Shellington does not sleep well. Id. Shellington also reported he suffers from an alcohol abuse disorder, however, represented he has been sober for two years. R. 56. Shellington did not discuss his alcohol abuse history nor the effects on his alleged physical and mental impairments when he testified.

Shellington testified that his daily routine includes watching TV and washing clothes in a bucket in his room. R. 61. Due to his mental health, Shellington does not like to be around people, so he chooses to stay in his room. R. 61-62. He rents a room on the third floor of a home and has one friend that brings him food. Id. The same friend takes him to his doctors' appointments. Id.

V. **ANALYSIS**

    A. **The ALJ Failed to Consider and Evaluate the Severity of the Alleged Substance Abuse/Alcohol Abuse Impairment, Resulting in a Step-Two Decision That Is Unsupported by Substantial Evidence and an Incomplete RFC.**

Shellington argues that the ALJ improperly found that Shellington's mental impairments and substance abuse were not severe. Doc. 14, at 3. As a result of the ALJ's classification of Shellington's mental impairments and history of substance abuse as non-severe, Shellington argues that the ALJ failed to sufficiently address all of Shellington's functional limitations. Id.

When evaluating a claimant's disability, at step-two, the [ALJ] determines if the claimant has shown that he or she suffers a "severe medically terminable physical or mental impairment… or a combination of impairments that is severe." 20 C.F.R. § 416.920(a)(4)(ii). A severe impairment is defined as an impairment or combination of impairments which significantly limits a claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 416.920(c).

There are six examples of abilities and aptitudes to consider when determining a claimant's ability to do basic work activities.  20 C.F.R. § 416.922(b)(1)-(6).

The burden is placed on an applicant at step-two to prove more than a de minimis effect on the claimant's ability to work.  McCrea v. Comm'r of Soc. Sec., 370 F.3d 357, 359 (3d Cir. 2004).  "[A]n applicant need only demonstrate something beyond 'a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work.'"  Id. (alteration in quotation marks) (citation omitted); see also Newell v. Comm'r of Soc. Sec., 347 F.3d 541, 546 (3d Cir. 2003) ("If the evidence presented by the claimant presents more than a 'slight abnormality,' the step-two of 'severe' is met, and the sequential evaluation process should continue.").  Any doubt as to whether this showing has been made is to be resolved in favor of the applicant.  Id. at 546-47.

When determining the severity of an impairment, the ALJ "must show that he evaluated all of the evidence before rendering a decision and may not discredit a claim by ignoring medical evidence."  Stokes v. Sec. of Health & Human Servs., 742 F.Supp. 270, 279 (E.D. Pa. 1990) (citing Gibson v. Sec. of Health & Human Servs., 882 F.2d 329, 331 (8th Cir.1989) (citations omitted)).[4]  A reviewing court, however, should not apply a more stringent standard of review of a step-two analysis and the ALJ's decision should be upheld if it is supported by substantial

---

[4] In Stokes v. Sec. of Health & Human Servs., 742 F.Supp. 270, 278 (E.D. Pa. 1990), the treatment of alcoholism as a standalone compensable disability was superseded by an SSI statutory change in 1996.  See 42 U.S.C. § 1382c(a)(3)(J).  What the ALJ must consider when determining the severity of an impairment detailed in Stokes is unaffected by the statutory change.  The ALJ must consider all evidence before him.  See Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999); Doak v. Heckler, 790 F.2d 26, 29 (3d Cir. 1986).  Although the ALJ may weigh the credibility of the evidence, he must give some indication of the evidence which he rejects and his reasons for discounting such evidence.  See Plummer, 186 F.3d at 429; Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981).  "In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored."  Cotter, 642 F.2d at 705; Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 121 (3d Cir. 2000).

evidence in the record as a whole.  McCrea, 370 F.3d at 361-62; see also Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002) ("We also have made clear that we are not permitted to weigh the evidence or substitute our own conclusions for that of the fact-finder.").

Here, the ALJ failed to address Shellington's alleged substance abuse impairment and discuss the severity of his alcoholism.[5]  Regarding Shellington's alcohol abuse, the ALJ noted Shellington's treatment but did not discuss his substance abuse/alcohol abuse.  R. 23-24.  The ALJ said:

> Specifically, the claimant underwent psychiatric evaluation at Men & Women for Human Excellence, Inc. on November 18, 2019 and reported that he was living in a recovery house, that he was sober from alcohol for six days with some cravings, that he left program in summer and relapsed on alcohol two months ago….
>
> In March 2021, the claimant underwent psychiatric evaluation and reported that he had been sober from alcohol for 19 months, that he was last seen by the psychiatrist October 2020…. He reported that he lived at his current recovery house since 2019, that he was stable with medication, and that he was applying for disability. In March, April, May, and June 2021, it was again noted that the claimant was consistent with attending individual and group sessions and that he was being treated for alcohol induced mood disorder and cocaine use.
>
> The ALJ ultimately concludes that "… secondary to a long history of alcohol abuse, but he now seems to have maintained sobriety for nearly two years."

---

[5] Notably, "[t]he Social Security Act was amended in 1996 to preclude an award of benefits if drug addiction or alcoholism ("DAA") would be a contributing factor material to the Commissioner's determination that the individual is disabled." Bruce v. Berryhill, 294 F.Supp.3d 346, 355 (E.D. Pa. 2018) (internal quotation marks omitted).  If a claimant is found disabled and the record contains medical evidence of DAA, the ALJ must determine whether DAA is a contributing factor material to the determination of disability.  20 C.F.R. § 416.935(a).  The key factor when determining if the DAA is a contributing factor material to the determination of disability is, "whether the [claimant] is still disabled if [he or she] stopped using drugs or alcohol."  20 C.F.R. § 416.935(b).  "To make this determination, the ALJ must evaluate which of the claimant's physical and mental limitations would remain if the claimant stopped using drugs or alcohol… [and] whether any or all of the claimant's remaining limitations would be disabling."  Bruce, 294 F.Supp.3d at 355; see 20 C.F.R. §§ 416.935(b)(2), 416.935(b)(2)(i).

R. 23-32 (internal citations omitted).

First, Shellington asserts a substance abuse/alcohol abuse impairment through his attorney at his hearing, testimony regarding treatment, and through the medical records submitted. R. 38; 100; 159-60; 245; 388; 443-84; 517-75; 646-73; 713-45; 806-65; 951; 1038-1125. While directly addressing Shellington's mental impairments of anxiety disorder and schizophrenia, the ALJ does not address his alcohol abuse disorder, or its severity.[6]

Second, the record supports Shellington's alleged substance abuse, notably an alcohol abuse disorder. In July 2019, Shellington was diagnosed with moderate alcohol abuse disorder. R. 673. From July 2019 through November 2019—well after Shellington's alleged onset disability date—Shellington was admitted to the emergency department multiple times for aggravated existing health conditions due to alcohol abuse. R. 38; 100; 159-60; 245; 388; 443-84; 517-75; 646-73; 713-45; 806-65; 951; 1038-1125. In November 2019, he was diagnosed with alcohol dependence. R. 1125. Although the ALJ mentions Shellington's hospitalizations, the ALJ does not evaluate Shellington's substance abuse/alcohol abuse impairment or its effect on his underlying conditions. Significantly, the objective medical records support the notion that Shellington's alcohol consumption exacerbated his underlying conditions of pancreatitis and DVT, both of which the ALJ found were severe impairments. R. 38; 100; 159-60; 245; 388; 443-84; 517-75; 646-73; 713-45; 806-65; 951; 1038-1125. Nevertheless, the ALJ does not discuss Shellington's alcohol abuse, sobriety, or their effect on his severe impairments.

Third, the ALJ does not discuss the severity of Shellington's substance abuse/alcohol abuse impairment in relation to Shellington's ongoing treatment and effect on his ability to

---

[6] The ALJ must consider impairments for which evidence is submitted and any impairments asserted by the claimant. See 20 C.F.R. § 416.912(a)(1).

perform basic work activities. Shortly after November 2019, Shellington sought treatment for his alcohol abuse disorder which was ongoing at the time of his hearing. R. 3886. Shellington entered a recovery house in 2020 and resided there at the time of his October 2021 hearing, well after his alleged disability onset date. Id. While at the recovery house, Shellington was receiving treatment at MWHE for alcohol abuse, alcohol induced mood disorder, and cocaine use beginning in March 2021 through his October 2021 hearing. R. 24; 59. Shellington was attending two-hour appointments three days a week as treatment. R. 63. Medical evidence submitted by Shellington's primary psychiatrist, Dr. Su, noted Shellington's substance abuse diagnoses, medication treatment, and co-occurring mental health challenges. R. 2763-64. Dr. Su also noted the potential negative effect of Shellington's alcohol abuse on his mood disorder. Id. MWHE medical evidence from November 2021 included action steps such as having Shellington refrain from all alcohol use, attend weekly AA meetings, and obtain an AA sponsor.[7] R. 3888.

Despite the objective medical evidence supporting Shellington's substance abuse/alcohol abuse impairment, it is unclear whether the ALJ considered this evidence and the alleged impairment at step-two of his analysis. Because the objective medical record supports the existence of Shellington's alleged substance abuse/alcohol abuse impairment, the ALJ must address the alleged impairment, its severity, the evidence, and support his or her decision with substantial evidence. See Stokes, 742 F.Supp. at 278-79. Further, the ALJ must provide some reason for the evidence he or she rejects and his or her ultimate conclusion. See Plummer, 186 F.3d at 429; McClease v. Comm'r of Soc. Sec., No. 08-1673, 2009 WL 3497775, at *8 (E.D. Pa.

---

[7] At the hearing Shellington testified that he was two years sober but continued with alcohol abuse treatment through WMHE. R. 58-60. Notably, in July 2021, Shellington was admitted to Temple hospital due to acute chronic pancreatitis and opioid induced abdominal pain and constipation. R. 31; 60.

11

Oct. 28, 2009) (citing Newell v. Comm'r of Soc. Sec., 347 F.3d 541, 547-48 (3d Cir. 2003)) (providing at step-two an ALJ's decision is supported by substantial evidence when ALJ has considered all evidence before her and explained why she rejected any relevant evidence in conflict with her ultimate decision). Without considering and evaluating the severity of Shellington's alleged substance abuse/alcohol abuse impairment, the ALJ's RFC determination is incomplete.[8] The ALJ did not consider the substance abuse/alcohol abuse impairment nor provided reasons for his rejection of the evidence. Hence, the ALJ's decision is not supported by substantial evidence. Therefore, remand is warranted.[9]

## VI. CONCLUSION

Shellington properly alleged a substance abuse/alcohol abuse impairment and provided medical evidence in support of its severity, yet the ALJ did not address the impairment in his decision or RFC determination. Thus, the Court cannot tell whether the ALJ considered, overlooked or simply ignored Shellington's alleged substance abuse/alcohol abuse and medical evidence in support of his impairment.

Because the ALJ's decision is not supported by substantial evidence, it must be vacated and remanded. For the reasons discussed above, Shellington's request for review (Doc. 1) is **GRANTED**. The final decision of the Commissioner to deny Shellington's benefits is

---

[8] See McClease v. Comm'r of Soc. Sec., No. 08-1673, 2009 WL 3497775, at *4 (E.D. Pa. Oct. 28, 2009) (internal quotation marks omitted) (citing 20 C.F.R. § [416.945(a)(2)]; Burnett v. Comm'r of Soc. Sec., 220 F3d 112, 122 (3d Cir. 2000)) ("When assessing RFC, the Commissioner must consider the combined effect of all of a claimant's impairments of which there is objective medical evidence, including any that, considered alone, would not be considered severe.").

[9] Even though the Court ultimately finds that remand is necessary, nothing in this decision suggests what the result should be on remand. That task remains the duty and province of the ALJ after consideration of this opinion.

**VACATED**, and the case is **REMANDED** to the Commissioner for further consideration consistent with this opinion.  An appropriate order follows.

                                      BY THE COURT:

                                      <u>/s/ Craig M. Straw</u>
                                      CRAIG M. STRAW
                                      U.S. Magistrate Judge